## W. B. Crawford *v.* A. L. Voorheis and Wife.

**Equity—Extension of Time for Taking Testimony.**

> The facts were held to warrant the extension of the time for the taking of testimony by defendant before a commissioner in chancery.

**Costs—Reversal Without Cost.**

> The facts were held to warrant the reversal of a case without cost against the appellee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 4, 1873.

OPINION BY JUDGE PRYOR:

It would be difficult to present a case to this court where more negligence has been exhibited by the defense than appears from the present record. No reflection is made upon the attorneys, as they seem after their employment to have used all the diligence that could be required of them. The appellant, after having been charged with controlling a large amount of money for years as the agent and friend of the appellee, and for the latter's benefit, fails or refuses to make any response whatever to the petition until he is required to do so by a rule of court. He then filed his answer, and upon the reference to the commissioner for a settlement of his accounts pays no regard to the notices given by the commissioner of his desire to make up and consider the settlement; takes no proof whatever and seems to have been entirely indifferent as to the result, until a judgment is rendered against him for a large sum of money. The chancellor upon affidavits filed reluctantly set aside the judgment, and gave him additional time for taking proof, and but for this action on the part of the court below this court would not hesitate to hold him for the amount of the judgment rendered.

After the court had set aside the judgment it seems that the

appellant was taken violently ill, and was unable to see his lawyers until the time given him for taking proof had about terminated. He presented an affidavit of this condition of his health to prevent a second hearing, accompanied by a number of checks and evidences of payments made to the appellee and that seem not to have been included in the settlement. We think as the court had set aside the first judgment, the affidavit filed in connection with these evidences of payment was sufficient to authorize an extension of time, so as their vouchers might have been presented.

There is no error in the record to the appellant's prejudice; the only hardship he can complain of and that to a great extent results from his own negligence, is in his failure to get in his vouchers, and for some of which we are inclined to think he should be credited. It is hardly to be presumed that Mrs. Voorheis could have lived and expended money for years, as the proof in this case clearly shows, and then have as much or more in appellant's hands than was originally deposited with him, and that, too, when she had no other resources from which to draw these expenses.

This case must be reversed, but the appellant is entitled to no costs as against the appellees, and when it is remanded the chancellor will only direct his commissioner to take proof as to the items or vouchers from Numbers 1 to 30, which were presented by the appellant in his affidavit to prevent a final hearing.

The door is closed as to anything except these items, proof should be taken in regard to them and the commissioner also directed to ascertain whether any of them have been included in the former report; it is to that extent they must be disallowed.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion. The appellant must pay his own costs.

*Noble, for appellant.*

*Jas. A. Pirlte, for appellees.*